The action was on a promissory note for $409 04, dated 11th November 1829, at ninety days, and drawn in New-York by, J.B. Norris in favor of ____ _____ indorsed by the deft. The plff. proved the indorsement of deft, and gave in evidence a letter from deft, to plff. dated 13th February 1830, the day after the note became due, expressing his regret that the drawer had not paid it, and inclosing a new note for the amount of the old one with interest and charges of protest,c. He also produced two other letters from the deft, dated 22nd February and 4th March 1830, both containing promises to pay the note: and he here rested his case.
Bayard, for deft, moved a nonsuit.
In an action against the indorser a demand on the drawer and notice to the indorser must be proved. A waiver of the notice by the indorser will not excuse the want of demand on the drawer. Without such demand his promise to pay is a nullity; it is without consideration because without liability. The obligation of the indorser is wholly on the note; and according to mercantile usage it is, that he will pay the note if a demand be made on the maker on the last day of grace, and on failure of payment that notice be given to him. He may waive this notice as he has done in this case, but that does not obviate the necessity of a demand.
Hamilton, for plaintiff.
The letters in evidence not only dispense with the note but prove the demand. The day after the note became due the indorser wrote that he was sorry Norris had not pay it and himself promises payment. He also incloses a new note in the way of payment which includes interest andprotest. This admits the demand, for without it there would have been no protest. The laches of the holder releases the indorser, but he may waive that release by a promise, c. Chitty on Bills
301, 3, n.
 Bayard. — The authority cited relates only to a waiver of notice; *Page 233 
such waiver does not supply a demand. (Sed vide 2 Stark.
272; Chitty on Bills 303; 2 Campb., c.)
The plff. had a verdict subject to the opinion of court: and judgment was afterwards rendered for him by consent, and a rule granted on the application of Seal's special bail to show cause why an exoneretur should not be entered on the bail piece. Vide post 367.